IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00276-FL

| | |
|---|---|
| CHIQUITA R. BRYANT and ANTHONY LEE MCNAIR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF WILMINGTON, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

This cause comes before the Court upon Plaintiffs's pro se applications to proceed *in forma pauperis*. (DE-1, DE-2). Plaintiffs have demonstrated appropriate evidence of inability to pay the required court costs. However, for the reasons that follow, the undersigned recommends that Plaintiffs' complaint be found insufficient to survive frivolity review.

Plaintiff McNair is a well-known litigant in this Court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result, Plaintiff McNair is now under a pre-filing injunction in this district enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

Plaintiffs' instant complaint is devoid of factual allegations. Plaintiffs state only that they are seeking monetary damages and that "the defendant did violate[] the 8th amendment clause cruel and unusual punishment." Compl. 2, DE-1-1. Plaintiff McNair has not attached a copy of the

pre-filing injunction to his complaint or motion for leave to proceed *in forma pauperis* as required by the order of this Court. For this reason alone, the complaint should be dismissed as to Plaintiff McNair. Furthermore, the undersigned recommends that the complaint be dismissed as frivolous.

When a plaintiff seeks to proceed *in forma pauperis* in a civil action, the court must review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Here, Plaintiffs allege that Defendant "violated the 8th amendment clause cruel and unusual punishment." They offer no facts, however, to support their legal conclusion that Defendant violated their rights under the Eighth Amendment. As such, the complaint sets forth nothing more than "labels and conclusions." Giarratano, 521 F.3d at 304 n.5. Because they articulate no set of facts stating a cognizable claim, Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

For these reasons, the undersigned RECOMMENDS that Plaintiffs' motions to proceed *in forma pauperis* (DE-1, DE-2) be GRANTED, but that the complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, December 20, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE